UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE, <br><br>                 Plaintiff, <br><br>       -against- <br><br> GREGORY RUSS, as Chair and Chief Executive Officer of the New York City Housing Authority, <br><br>            -and- <br><br> New York City Housing Authority, <br><br>            Defendants. | MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM OR, IN THE ALTERNATIVE, FOR AN ORDER SEALING THE COMPLAINT <br><br> **22-cv-4460** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION REQUESTING LEAVE TO PROCEED PSEUDONYMOUSLY OR, IN THE ALTERNATIVE, FOR AN ORDER SEALING THE COMPLAINT**

Plaintiff JANE DOE, proceeding pseudonymously as JANE DOE ("Ms. Doe" or "Plaintiff Doe"), through her attorneys, Manhattan Legal Services, respectfully submits the below Memorandum of Law in support of Plaintiff Doe's Motion requesting leave to file her Complaint and proceed in litigation pseudonymously or, in the alternative, for an order sealing the Complaint.

**I.     LEGAL FRAMEWORK GOVERNING MOTIONS TO PROCEED PSEUDONYMOUSLY**

Fed. R. Civ. Pro. 10(a) requires that the title of a complaint name all parties. However, courts have approved of plaintiffs litigating under a pseudonym in certain circumstances. *See Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 189 (2d Cir. 2008). Where determining whether a plaintiff should be permitted to proceed pseudonymously, courts must balance the

plaintiff's interest in anonymity against both the public interest in disclosure and any prejudice to

the defendant. *Id*. To guide the courts in determining whether a plaintiff may proceed under a

pseudonym, the Second Circuit has provided a "non-exhaustive" list of factors to consider,

including:

> (1) whether the litigation involves matters that are highly sensitive
> and [of a] personal nature; (2) whether identification poses a risk
> of retaliatory physical or mental harm to the . . . party [seeking to
> proceed anonymously] or even more critically, to innocent non-
> parties; (3) whether identification presents other harms and the
> likely severity of those harms, including whether the injury
> litigated against would be incurred as a result of the disclosure of
> the plaintiff's identity; (4) whether the plaintiff is particularly
> vulnerable to the possible harms of disclosure, particularly in light
> of his age; (5) whether the suit is challenging the actions of the
> government or that of private parties; (6) whether the defendant is
> prejudiced by allowing the plaintiff to press his claims
> anonymously, whether the nature of that prejudice (if any) differs
> at any particular stage of the litigation, and whether any prejudice
> can be mitigated by the district court; (7) whether the plaintiff's
> identity has thus far been kept confidential; (8) whether the
> public's interest in the litigation is furthered by requiring the
> plaintiff to disclose his identity; (9) whether, because of the purely
> legal nature of the issues presented or otherwise, there is an
> atypically weak public interest in knowing the litigant'' identities;
> and (10) whether there are any alternative mechanisms for
> protecting the confidentiality of the plaintiff" *Id*. at 189-190
> (internal quotation marks and citations omitted).

## II.      MATERIAL FACTS RELEVANT TO PLAINTIFF DOE'S MOTION

An analysis of the factual allegations in the case at bar support Plaintiff Doe's request to

proceed pseudonymously. Plaintiff Doe is a survivor of a violent crime. *See* Plaintiff's

Complaint ("Compl.") ¶¶ 16, 22-23. Plaintiff Doe was violently attacked by three known

members of a gang, one of whom used a gun during the assault, in in the lobby of her apartment

building, Linden Houses, in or around February 1, 2022. *Id*. ¶ 22.  Plaintiff Doe believes she was

targeted by these assailants because she told them to stop trying to recruit her son to join the

gang; in mid-January 2022, Plaintiff Doe's mailbox at Linden Houses was broken by these same attackers for the same reason. *Id*. ¶¶ 21, 23.

Upon information and belief, all of Plaintiff Doe's attackers reside in the same building as Plaintiff Doe. *Id*. ¶ 45. Upon information and belief, two of Ms. Doe's attackers were released pending trial in the criminal court system after their initial arrest for assaulting her; one attacker was never caught. *Id*. Upon information and belief, the two attackers who were released were then re-arrested for committing another crime with a gun and have since been in pre-trial detention with bail set. *Id*. In addition, Ms. Doe also often experiences verbal threats and comments from passersby on the street, including calling her a "snitch," when walking around or in the vicinity of Linden Houses. *Id*. ¶ 46. Due to the actions and inaction of Defendants, Plaintiff Doe continues to live at Linden Houses and must enter and exit her building to attend school, run errands, and care for her children. *Id*. ¶¶ 47-50. Plaintiff Doe worries that further publicity of her situation, especially public discussion of her attack at the hands of a known gang in New York City will lead to retaliatory violence against her. *See id*. ¶¶ 46, 50. Plaintiff Doe fears for her physical safety and mental health so long as she continues to reside at Linden Houses. *Id*. Therefore, she wishes to minimize threats to her physical safety and mental health by keeping her name off of public records relating to this case, which directly touches on the attack against her, the attackers' gang affiliation, the location of the attack and her seeking an emergency, reasonable accommodation transfer.

III. **THE SEALED PLAINTIFF FACTORS SUPPORT PLAINTIFFS' MOTION TO PROCEED PSEUDONUMOUSLY**

A. *Identification poses a risk of retaliatory physical or mental harm to Plaintiff Doe, and even more critically, to innocent non-parties.*

Courts have also allowed plaintiffs to proceed pseudonymously where disclosure of their

identities would endanger their safety of those of their families, including through retaliatory physical or mental harm. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). "[P]hysical harm presents the paradigmatic case for allowing anonymity[.]" *Al Otro Lado, Inc. v. Nielsen*, No. 17-cv-02366-BAS-KSC, 2017 U.S. Dist. LEXIS 210401, at *15 (S.D. Cal. Dec. 20, 2017) (quoting *Doe v. Amazon.com, Inc.*, No. C11-1709MJP, 2011 U.S. Dist. LEXIS 159053, at *7 [W.D. Wash. Dec. 23, 2011]) (internal quotation marks omitted). Courts need not only protect parties from retaliation and harm from the opposing party, but may also protect parties from retaliation from third parties. *See id*; *see also Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) (granting anonymity where "[e]vidence on the record indicates that the Does may expect extensive harassment and perhaps even violent reprisals if their identities are disclosed to a…community hostile to the viewpoint reflected in plaintiffs' complaint"); *Doe v. Alger*, 317 F.R.D. 37, 40 (W.D. Va. 2016) (granting anonymity where a party's public identification may lead to retaliatory physical or mental harm). A party must only show that the fear of harm is objectively reasonable, meaning that "'a reasonable person would believe that the threat might actually be carried out.'" *Al Otro Lado, Inc.*, No. 17-cv-02366-BAS-KSC, 2017 U.S. Dist. LEXIS 210401, at *18 (quoting *Advanced Textile*, 214 F.3d at 1071).

The matters at issue in this case include allegations that known gang members of a prominent gang in New York City attacked Plaintiff Doe on or about February 1, 2022 in the lobby of her apartment building. Compl. ¶ 22. This was not the first time that Plaintiff Doe was targeted by this gang for telling them to stop seeking to recruit her teenage son to join the gang. *See id*. ¶ 21, 23. In or around mid-January 2022, Plaintiff Doe's mailbox was vandalized by these same gang members and assailants in an attempt to scare her and her family. *Id*. ¶ 21. Given the pattern of physical violence and mental harm directed at Plaintiff Doe, she fears a further a

retaliatory escalation of both physical violence and mental harassment, especially because she

did report this assault to the police and such led to two of the members' arrests. *Id*. ¶ 24, 45.

Since these members' arrests, not only have they committed another crime with a gun while

released from pre-trial detention on bail, but Ms. Doe has been the recipient of threats from

passersby when in or around Linden Houses. *Id*. ¶ 45. Therefore, fear of retaliation is objectively

reasonable because these assailants have physically attacked her, including with a gun; have

caused her mental harm by vandalizing her mailbox in an obvious effort to instill fear; and

appear to have directed other members of the gang to threaten Ms. Doe even when the assailants

themselves have, upon information and belief, been in state custody at the time of some of these

threats.[1] Further, these members know where Ms. Doe lives and all of them live in the same

building as her. *See id*. ¶¶ 45, 21. As is the subject of this case, Ms. Doe has been unable to move

from her current apartment due to the action(s) and inaction of Defendants and is thus in close

proximity to her attackers and the gang in which they belong. *Id*. ¶ 31-50.

  Finally, as a victim of a crime, Plaintiff Doe is entitled to various rights and protections in

New York State, including the right to "[b]e free from intimidation, threats or harassment."

"Crime Victims: Bill of Rights," New York State Office of the Attorney General, available at:

https://ag.ny.gov/sites/default/files/crime_victims_bill_of_rights.pdf.; "The Rights of Crime

Victims in New York State," Office of Victim Services, available at:

---

[1] An uptick in gang violence and retaliation against witnesses who testify against gang members has also been well documented in the press. *See*, *e.g.*, Lateshia Beachum, *10 people shot in alleged gang hit in New York. The shooters fled on scooters, police say*, Washington Post (Aug. 2, 2021), available at: https://www.washingtonpost.com/crime-law/2021/08/02/nypd-gang-trinitarios-shooting/; Michael R. Sisak, *'No. 1 Priority': NYPD Busts Gangs in Push to Curb Violence*, NBC News (Jan. 5, 2022), available at: https://www.nbcnewyork.com/news/local/crime-and-courts/no-1-priority-nypd-busts-gangs-in-push-to-curb-violence/3479423/. As the court noted of country reports objective documentation and reporting about gang and cartel violence in Central America in *Al Otro Lado, Inc.*, such objective news reporting about possible retaliation and violence at the hands of gangs in New York City reinforce the argument that Plaintiff Doe's fears of retaliation are objectively reasonable and warrant her proceeding pseudonymously. *See* No. 17-cv-02366-BAS-KSC, 2017 U.S. Dist. LEXIS 210401, at *19-20 (S.D. Cal. Dec. 20, 2017).

https://nycourts.gov/Courthelp/pdfs/NYS-OVS-rights-cv-booklet.pdf. For these reasons, granting

Plaintiff Doe the right to proceed pseudonymously will protect her from future harm and

retaliation, protect her rights as a crime victim, and serve the public interest by ensuring that

other victims of crimes do not fear coming forward and asserting their rights in court.

> B.  *The litigation involves matters that are highly sensitive and of a personal nature,
> namely Plaintiff Doe's status as a disabled person.*

The matters at issue in this case include allegations that Ms. Doe is a disabled person

with mental health disabilities—Post-Traumatic Stress Disorder ("PTSD") and anxiety—that

impact her daily functioning and major life activities. These disabilities are central to the

allegations and claims in this case and are likely to be discussed at length. In such situations

where a party's highly sensitive medical information is the subject of the case, federal courts

have held that such a party is entitled to proceed pseudonymously. *See*, *e.g.*, *Doe v. Hartford Life

& Accident Ins. Co.*, 237 F.R.D. 545, 550-51 (D.N.J. 2006); *Roe v. United States*, No. 1:19-cv-

00270-DAD-BAM, 2020 U.S. Dist. LEXIS 29323, at *5-9 (E.D. Cal. Feb. 19, 2020); *Doe v.

Univ. of Notre Dame*, No. 3:17CV298-PPS/MGG, 2017 U.S. Dist. LEXIS 223299, at *7, *11

(N.D. Ind. May 8, 2017). *Cf. Doe v. Fullstack Acad., Inc.*, 2018 U.S. Dist. LEXIS 173050, at *2-

6 (S.D.N.Y. Oct. 5, 2018) (few facts about disabilities proffered to court and widespread

incidence of disability weigh against anonymity); *S.D. v. Decker*, No. 22-CV-3063 (VSB)

(BCM), 2022 U.S. Dist. LEXIS 76861, at *5-6 (S.D.N.Y. Apr. 27, 2022) (anonymity denied

when plaintiff's disabilities were already public).

In *Hartford Life & Accident Ins. Co.*, the district court noted,

> "[T]here is substantial public interest in ensuring that cases like the
> Plaintiff's are adjudicated and the rights of mental illness sufferers
> are represented fairly and without the risk of
> stigmatization…[which]…can not be achieved if litigants suffering
> from mental illness are chilled from ever reaching the courthouse

steps for fear of repercussions that would ensue if their condition
was made public." 237 F.R.D. 545, 550.

In particular, the court noted that the embarrassment and stigma at stake in *Hartford Life &*

*Accident Ins. Co.* was "vastly different" from the ordinary risk and litigation bears in bringing

their case in a public courtroom because the "Plaintiff's bipolar condition is directly tied to the

subject matter of the litigation - his mental illness and the disability benefits he allegedly is

entitled to as a mental illness sufferer." *Id*. In such a situation, the court held that disclosing the

plaintiff's name in the case was "analogous to a woman seeking an abortion or a [LGBTQ

individual] fired from his job because of his sexual orientation," both instances in which courts

have held that such parties are entitled to proceed under pseudonym. *Id* (citing *Roe v. Wade,* 410

U.S. 113 [1973] for holding that a woman denied an abortion was entitled to proceed under

pseudonym; and *Doe v. Commonwealth's Attorney for City of Richmond,* 403 F. Supp. 1199

[E.D. Va. 1975], *aff'd,* 425 U.S. 901 [1976] for permitting a LGBTQ party to proceed under a

pseudonym in challenging state sodomy law).

Here, Plaintiff Doe is at risk of harm if she is required to proceed under her legal name

because of heightened stigma of people with mental health disabilities and the anxiety and

trauma that will result from her disabilities themselves if her name must be disclosed publicly.

The symptoms of Ms. Doe's disabilities include difficulty sleeping, concentrating and learning,

as well as experiences of severe emotional and physical distress, such as increased breathing and

heart rates, nervousness, restlessness, sweating, and flashbacks. *See* Compl. ¶ 50. Not only is this

medical information highly personal in nature, but disclosing that Ms. Doe has PTSD and

anxiety, receives mental health counseling, and is taking medication for her disabilities, *see*

Compl. ¶ 26 would also likely lead to social stigma, embarrassment and further anxiety and

trauma for Ms. Doe. This would be particularly exacerbated in this case because the issue at

hand—discrimination on the basis of disability status—will likely lead to detailed discussions

about Ms. Doe's medical information and the precise ways her disabilities affect her daily

functioning and relate to the accommodation request. Further, Ms. Doe is currently in school to

become a social worker and is actively interviewing for positions in her field. *See* Compl. ¶ 48.

Public disclosure of her disabilities could hinder her professional development and chances at

obtaining employment despite all of her hard work. Finally, the public interest weighs in favor of

allowing this case to proceed pseudonymously so that other people with disabilities do not fear

stigma from coming forward about disability discrimination.

> C.  *This suit challenges actions of the government.*

Courts favor anonymity in lawsuits against the government. "[W]here a plaintiff attacks

governmental activity, for example a governmental policy or statute, the plaintiff's interest in

proceeding anonymously is considered particularly strong." *N.Y. Blood Ctr.*, 213 F.R.D. at 111.

The public interest also weighs in favor of allowing Plaintiff to proceed pseudonymously

because Defendants are governmental entities. When a plaintiff challenges governmental action,

the judicial process serves as a significant check on abuse of political power. Thus, as the courts

have noted, it is in the public interest that the price to access the court not be too high. *N.Y. Blood*

*Ctr.*, 213 F.R.D. at 112-113; *see id.* at 111 (reasoning, in part, that in such circumstances,

"plaintiff presumably represents a minority interest [and may be subject to stigmatization], and

there is arguably a public interest in a vindication of his rights").

Defendants herein are a public housing authority and its chairperson, sued in his official

capacity. NYCHA is a body corporate and politic established by the New York State Legislature,

and it receives local funds as well as funding from the United States Department of Housing and

Urban Development. Consequently, its actions constitute government actions. *See R. N. v.*

*Franklin Cmty. Sch. Corp.*, No. 1:19-cv-01922-MJD-TWP, 2019 U.S. Dist. LEXIS 154538, at *6

(S.D. Ind. Sep. 11, 2019) ("Defendants, an Indiana public school corporation and its school

board, receive federal funding, which forms the basis for Plaintiffs' claims").

> D. *Defendants will not be prejudiced if this Court allows Ms. Doe to proceed pseudonymously.*

While Plaintiff Doe would be harmed if required to proceed using her name, Defendants

are unlikely to suffer the type of prejudice that would disfavor allowing Plaintiff to proceed

pseudonymously. Defendants are aware of Plaintiff's identity. Allowing Plaintiff to proceed

under a pseudonym will not hinder Defendants' ability to litigate this case. *See Doe v. Colgate*

*Univ.*, No. 5:15-cv-1069 (LEK/DEP), 2016 U.S. Dist. LEXIS 48787, at *10 (N.D.N.Y. Apr. 12,

2016); *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2006) ("Other than the need to make

redactions and take measures not to disclose plaintiff's identity, defendants will not be hampered

or inconvenienced merely by plaintiff's anonymity in court papers. Indeed, defendants already

know plaintiff's true identity"); *Doe v. United Servs. Life Ins. Co.*, 123 F.R.D. 437, 437

(S.D.N.Y. 1988) (allowing LGBTQ plaintiff to proceed pseudonymously and reasoning the

defendant will not be harmed because "it would have full discovery rights as the case progressed,

and it would only be barred from using or disclosing the fruits of its discovery for purposes other

than the defense of the action").

## IV.    CONCLUSION

For the reasons stated above, Plaintiff Doe respectfully requests that this Court allow her

to proceed pseudonymously in this case or, in the alternative, for an Order sealing Plaintiff's

complaint.

Dated:  May 31, 2022
       New York, NY

                          Respectfully submitted,

                          By: *s/ Elizabeth Gyori*

                          MANHATTAN LEGAL SERVICES
                          LUIS A. HENRIQUEZ CARRERO, ESQ.
                          ELIZABETH GYORI, ESQ.
                          1 WEST 125TH STREET
                          2ND FLOOR
                          NEW YORK, NY 10027
                          646-442-3100
                          LAHENRIQUEZ@LSNYC.ORG
                          EGYORI@LSNYC.ORG

                          BROOKLYN LEGAL SERVICES
                          105 COURT STREET, 4TH FLOOR
                          BROOKLYN, NY 11201
                          718-237-5500