

June 7, 2022

Hon. Lewis J. Liman
United States District Court
500 Pearl Street, Room 1620
New York, NY 10007

**Re:** *Jane Doe v. Gregory Russ, et. al.*, **22-cv-4460 (LJL), request to proceed pseudonymously and to redact exhibits**

Dear Judge Liman,

     Pursuant to Your Honor's Individual Practice Rule 2(H)(ii) and Attachment B, Plaintiff submits this letter motion (the "Letter Motion") seeking permission from the Court to (1) file the instant motion for a temporary restraining order and preliminary injunction with a pseudonym and (2) redact (a) the legal name of Jane Doe and (b) Jane Doe's address from the following documents that Plaintiff has submitted contemporaneously with her motion for a temporary restraining order and preliminary injunction as exhibits to her Declaration:

1. **Exhibit A**: Reasonable Accommodation Request Letter for Jane Doe, dated March 9, 2022 (hereinafter "RA Letter");
    a. Exhibit A to the RA Letter – Letter from Ms. Doe's therapist, dated March 9, 2022;
    b. Exhibit B to the RA Letter – Documents Submitted by Ms. Doe to C&C Management and NYCHA;
    c. Exhibit C to RA Letter – Police report for occurrence on February 1, 2022;
    d. Exhibit D to RA Letter – Email correspondence between NYCHA and Plaintiff's attorneys between February 28, 2022 and March 2, 2022;
2. **Exhibit B:** Email correspondence between NYCHA and Plaintiff's attorneys between February 28, 2022 and March 16, 2022; and
3. **Exhibit C:** Letter Response from NYCHA, dated March 17, 2022.

     As discussed in Plaintiff's Memorandum of Law in Support of Plaintiff Doe's Motion to Proceed Pseudonymously, a Court may allow a plaintiff to proceed under a pseudonym when a plaintiff's interest in anonymity outweighs the public interest in disclosure and any prejudice to the defendant, as determined by a set of non-exhaustive factors. *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 189 (2d Cir. 2008).

Manhattan Legal Services | 1 West 125th Street, 2nd Floor, New York, NY 10027
Phone: 646-442-3100 | Fax: 212-348-4093 | www.LegalServicesNYC.org
Peggy Earisman, Project Director



     As the Court is aware, the suit challenges Defendants' constructive denial of Ms. Doe's reasonable accommodation transfer request. Ms. Doe requested to be transferred from her apartment at Linden Houses to a suitable apartment in Western Brooklyn within Defendants' Project Based Voucher ("PBV") or public housing portfolio after she developed Post-Traumatic Stress Disorder ("PTSD") and anxiety and these disabilities impeded her ability to fully use and enjoy her apartment. Further, Ms. Doe developed her disabilities following a violent assault Ms. Doe suffered at the hands of known gang members in the lobby of her apartment building.

     Given the sensitive nature of this case and its factual history, Plaintiff makes this motion for the same reasons that Plaintiff has moved this Court for permission to proceed pseudonymously. *First*, identification of Jane Doe's legal name and address poses a risk of retaliatory physical and/or mental harm to Ms. Doe and, even more critically, to her two minor children. This risk of harm has been heightened since Ms. Doe continues to reside at her unit in Linden Houses and, upon information and belief, two of the assailants have been indicted on charges related to her attack and the indictment names Ms. Doe using her legal name. *Second*, the litigation involves matters that are highly sensitive and of a personal nature, in particular Ms. Doe's disabilities and how they affect her daily functioning. *Third*, this litigation challenges the actions of the New York City Housing Authority, a government agency. *Fourth*, no prejudice will result to Defendants because they are the original recipients of the unredacted documents and have full knowledge of Ms. Doe's legal name and address. However, Ms. Doe will be deeply prejudiced if these documents cannot be filed without redactions because she may be subject to further physical and/or mental harm.

     As such, all relevant factors weigh in favor of allowing Ms. Doe to proceed pseudonymously, and allowing her name and address to be redacted from the aforementioned documents. *Doe v. City of N.Y.*, No. 18-cv-670 (ARR) (JO), 2020 U.S. Dist. LEXIS 4655, at *13 (E.D.N.Y. Jan. 9, 2020) (holding that redaction of plaintiff's names from all exhibits, papers, or other materials in connection with the case "is only logical" when a plaintiff has been granted permission to proceed pseudonymously) (annexed to this Letter Motion as Exhibit A); *Doe v. Vassar Coll.*, No. 19-CV-09601 (NSR), 2019 WL 5963482, at *2 (S.D.N.Y. Nov. 13, 2019) (granting plaintiff permission to proceed pseudonymously and parties leave to redact plaintiff's name from documentary evidence).

     Therefore, Plaintiff respectfully requests the Court allow Plaintiff to file the instant motion pseudonymously and redact Plaintiff's legal name and address from the Exhibits to Plaintiff's Declaration as described above.

                                            Respectfully submitted,

                                            By: *s/ Elizabeth Gyori*

                                            Manhattan Legal Services
                                            Luis A. Henriquez Carrero, Esq.
                                            Elizabeth Gyori, Esq.
                                            1 West 125th Street
                                            2nd Floor

New York, NY 10027
646-442-3100
lahenriquez@lsnyc.org
egyori@lsnyc.org

Brooklyn Legal Services
105 Court Street, 4th Floor
Brooklyn, NY 11201
718-237-5500