```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
JANE DOE,                                                              :
                                                                       :
                               Plaintiff,                              :
                                                                       :         22-cv-4460 (LJL)
           -v-                                                         :
                                                                       :         OPINION AND ORDER
NEW YORK CITY HOUSING AUTHORITY, et al.,                               :
                                                                       :
                               Defendants.                             :
                                                                       :
-----------------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Plaintiff Jane Doe moves for leave to proceed pseudonymously or to file the complaint under seal. Dkt. No. 6.

Federal Rule of Civil Procedure 10(a) requires that the title of a complaint name all the parties to a litigation; this requirement "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188–89 (2d Cir. 2008). "[W]hen determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Id.* at 189. "The people have a right to know who is using their courts." *Id.* (internal quotation marks omitted) (quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)). The Second Circuit has identified a number of non-exclusive factors that are relevant to whether a plaintiff should be permitted to proceed pseudonymously:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms . . . ; (4) whether the plaintiff is particularly vulnerable to the

>possible harms of disclosure . . . ; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (internal citations and quotations omitted and alterations adopted); *see also United States v. Pilcher*, 950 F.3d 39, 42 (2d Cir. 2020).

The court is not required "to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Sealed Plaintiff*, 537 F.3d at 189, 191 n.4.  "[P]seudonyms are the exception and not the rule, and in order to receive the protections of anonymity, a party must make a case rebutting that presumption." *Pilcher*, 950 F.3d at 45.

The *Sealed Plaintiff* factors support sealing in this case.  Identification of the name of the plaintiff poses a risk of retaliatory physical and mental harm to the plaintiff.  The plaintiff is a resident of the public housing facility Linden Houses who alleges that in February 2022 she was the victim of a violent assault with a gun by three known gang members who attacked her after she told them to stop trying to recruit her son to join the gang. Dkt. No. 1 ¶¶ 2, 17–18.  Her assailants live in the same building in the Linden Houses; she fears retaliation from them and from other members of the gang following her reporting the assault to the police. *Id.* ¶¶ 4, 26, 43–44.  At least at this time,[1] the plaintiff's name and the nature of her allegations are not

---

[1] It is possible that the plaintiff's name and her allegations will become known through state criminal proceedings.  If that occurs, her claim to proceed with a pseudonym will be significantly weakened.

2

generally known to her assailants and members of the gang.  The risk of harm is not merely speculative.  *See Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 406 (S.D.N.Y. 2019) ("Courts in this District have held that speculative claims of physical or mental harms are insufficient to bolster a request for anonymity.").  The plaintiff alleges that traveling through the gang's territory poses a significant safety risk for her and her family and that she "often experiences verbal threats and comments from passersby on the street, including calling her a 'snitch,' when walking around or in the vicinity of Linden Houses."  Dkt. No. 1 ¶¶ 26, 44.  She also alleges that she was diagnosed with post-traumatic stress disorder ("PTSD") and anxiety following the attack and that her fear of further physical harm exacerbates her disabilities.  *Id.* ¶¶ 21, 26.  Although the plaintiff personally may be known to some members of the community from her appearance, disclosure of her name in a public filing poses an incremental risk of physical and mental harm to her and to members of her family (who are innocent non-parties) that is different in kind and in duration.

Although the health issues that the plaintiff alleges are not alone of such a sensitive and personal nature to justify pseudonymity if they were viewed in isolation, the plaintiff also makes well-pleaded allegations that she is particularly vulnerable to the possible harms of disclosure.  In particular, the attack has led to a diagnosis of psychological issues and those issues—including PTSD and anxiety—themselves make her particularly susceptible to the harms that would flow from disclosure including the fear of future attacks.  Importantly, this is not a case where the plaintiff's "prior actions undercut h[er] position."  *Rapp v. Fowler*, 537 F. Supp. 3d 521, 529 (S.D.N.Y. 2021).  The plaintiff's name currently is not publicly known.  The complaint outlines the extensive efforts undertaken by the plaintiff and her counsel to keep her identity and that of her family members away from members of the gang and to move from the location

where she fears that—based on gang members' ability to identify her—she will be subject to further attacks. Moreover, although Plaintiff herself is not a minor, her two children—both of whom she seeks to protect by proceeding anonymously—are seventeen and eleven respectively. Dkt. No. 1 ¶ 17.

This also is not a case where there would be appreciable harm either to the defendants or to the public's right to know by permitting the plaintiff to proceed anonymously. The defendants are the New York City Housing Authority and its Chair and Chief Executive Officer who the plaintiff alleges "constructively" denied her request to be transferred to another building after she complained about threats to her physical and mental safety if she was required to stay in the Linden Houses. The plaintiff alleges that defendants violated Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.*, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794a(a)(2), and the Fair Housing Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3603, as well as state and city law by failing to make a reasonable accommodation for her disability and failing to ensure her transfer to a different and more safe location. The defendants know the plaintiff's identity, and there is no need for that identity to be publicized for the defendants to take discovery and defend this case. All of the relevant discovery presumably would reside with the defendants and other government agencies or with the plaintiff and members of her family. The plaintiff's lawsuit is challenging the actions of the government where "the plaintiff's interest in proceeding anonymously is considered particularly strong. In such circumstances the plaintiff presumably represents a minority interest (and may be subject to stigmatization), and there is arguably a public interest in a vindication of [her] rights. In addition, the government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant." *EW v. New York*

4

*Blood Center*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003) (internal citations omitted); *see also Rapp*, 537 F. Supp. 3d at 532.  From the public's perspective, the significance of her case resides in her factual allegations and not in her personal identity.

Finally, there are no readily apparent alternative mechanisms for protecting the plaintiff's confidentiality.  The interests she asserts would be compromised by linking her name to the allegations she makes.  No protective order for discovery or other limited measure would sufficiently protect against the harm that would be caused by publicly revealing her name.

Plaintiff's motion is granted.

The Clerk of Court is respectfully directed to close Dkt. Nos. 6, 9, and 10.


SO ORDERED.

Dated: June 9, 2022　　　　　　　　　　　　_____
　　　New York, New York　　　　　　　　　　　　　LEWIS J. LIMAN
　　　　　　　　　　　　　　　　　　　　　　United States District Judge